UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE DONNA U. GRODNER            MISC. ACTION

NO.: 3:14-mc-00050-BAJ

## RULING AND ORDER

Before the Court is Petitioner's **MOTION TO HAVE MATTER TRANSFERRED TO ANOTHER JUDGE (Doc. 5)**, requesting "that this Court allow another judge to [conduct the hearing on the Order to Show Cause in] this matter," (*id.* at p. 3). Petitioner asserts that "due process" requires transfer of this disciplinary proceeding to a "neutral arbitrator [sic] of fact and law" because "this Court appears to have already determined the outcome of the charges and/or prejudged this matter, because the Court has already sanctioned [Petitioner] pre-hearing." (*Id.* at ¶¶ 9–10). As evidence of sanctions "already" imposed, Petitioner points out that "[o]n August 7, 2014, this Court issued [an] *Order* cancell[ing] a hearing and trial [in an unrelated case], based upon the show cause order issued in this proceeding." (*Id.* at ¶¶ 4, 6 (emphasis in original)). Petitioner's Motion further requests "that this Court provide her with the *Transcript* it has cited against her, with the witnesses it intends to call and with the evidence it intends to offer to carry its burden of proof" in the sanctions proceedings at hand. (*Id.* at p. 3 (emphasis in original)).

Petitioner's request for a transfer will be denied. Simply put, Petitioner has provided no basis in law for her assertion that "[b]y cancelling the trial in the Sonnier matter, this Court has exacted punishment on [Petitioner] prior to the hearing in this matter."[1] (Doc. 5-1 at p. 4). Nor has Petitioner articulated a reasonable basis in fact for her observation that "[t]his Court has already determined the outcome of the charges and/or prejudged this matter." (*Id.* at p. 18). Quite the contrary: the Court has provided Petitioner *notice* of possible grounds for disciplinary action against her by directing her attention to specific instances memorialized in the record where her behavior may have fallen short of the requirements of the Louisiana Rules of Professional Conduct, (*see* Doc. 1 at p. 4 ("Ms. Grodner's filings [in civil action 12-00629 *Robinson v. Babin, et al.*], combined with her representations to the Court, are sufficient to create serious concerns regarding Ms. Grodner's fitness to practice in this District"); and, further, set a *hearing* to afford Petitioner her "constitutionally guaranteed opportunity to confront the . . . evidence and rebut the same," *Sealed Appellant 1 v. Sealed Appellee 1*, 211 F.3d 252, 255 (5th Cir. 2000).[2] "It is well settled in this Circuit that while in disbarment proceedings, due process requires notice and an opportunity to be

---

[1] Instead, Petitioner cites inapposite Fifth Circuit authority discussing a situation where an attorney was disbarred *without* prior notice and/or an opportunity to be heard. (*See* Doc. 5-1 at pp. 5–6 (discussing *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 230 (5th Cir. 1998)). As explained above, Petitioner has been provided ample "notice of the charges made," and will be afforded "an opportunity to explain or defend" at the August 21 hearing. *Dailey*, 141 F.3d at 230.

[2] At this hearing, Petitioner may, for example, "take the witness stand, call . . . witnesses, or adduce . . . evidence of [her] own." *Sealed Appellant 1*, 211 F.3d at 254.

2

heard, only rarely will more be required." *Id.* at 254; *see also* M.D. La. LR83.2.8 ("[E]very attorney permitted to practice in this court shall be familiar with these rules. Willful failure to comply with any of them . . . shall be cause for such disciplinary action as the court may see fit, after *notice* and *hearing*." (emphasis added)).

Likewise, Petitioner's request "that this Court provide her with the *Transcript* it has cited against her" will be denied. (Doc. 5 at p. 3 (emphasis in original)). As before, Petitioner has provided no legal basis for her request. Should she choose, Petitioner may order a copy of the relevant transcript according to the normal course.

Finally, Petitioner's request "that this Court provide her . . . with the witnesses it intends to call and with the evidence it intends to offer" will be denied as moot insofar as the Court has already laid out, in detail, the evidentiary basis for possible sanctions in its Order to Show Cause. (*See* Doc. 1).

Accordingly,

**IT IS ORDERED** that Petitioner's **MOTION (Doc. 5)** is **DENIED**.

Baton Rouge, Louisiana, this 13th day of August, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

3